## Case No. 6,584.

### HOGAN et al. v. MANSELLY.

[1 Betts, C. C. MS. 59.]

Circuit Court, S. D. New York. Dec. 15, 1842.

MARINE INSURANCE—BOTTOMRY BOND—SALVED FREIGHT.

[Insurers, having satisfied a bottomry claim where the vessel is lost, are entitled to the salved freight, as against a subsequent assignee of the master and owner, who advanced money on the freight for the benefit of the ship and cargo.]

The defendant, Manselly, was the holder of a bottomry bond executed to him at Antwerp by Trott, master and owner of the brig Harriet, on a voyage from Antwerp to New Castle and to the United States. The vessel, having deviated, and earned freight on the deviated voyage, was lost before arriving in the United States, a portion of her freight having been saved and remitted to New York. Robertson was mortgagee of the vessel, and was entitled to her earnings on the voyage. Trott and Robertson assigned the salved freight to the complainants [Hogan and Milne] to cover a draft made by the master on them at Cadiz for benefit of the ship and cargo. On a libel filed by the defendant in the district court, it was adjudged that the salved freight belonged to the bottomry creditor. This decree was affirmed, on appeal. in the circuit court. The bottomry bond was made at the request of Trott, the master, and the defendant applied funds belonging to the proceeds of the outward voyage, and coming to his hands after the execution of the bond, in payment of the premium, and indorsed the balance on the bond. Upon these facts, the bill seeks to have the freight fund aforesaid appropriated to the complainants, or, if the bottomry creditor has not received satisfaction of his debt from the insurers, that the plaintiffs may be subrogated to his rights and interests in the policy for the balance of the debt, after applying the above freight

moneys thereto. To this bill the defendant demurs.

BETTS, District Judge. The case must be taken to present these leading particulars: That the fund in court sought to be decreed the complainants was subject to the hypothecation of the bottomry bond. It is so expressly decreed by the district court, and affirmed on appeal by the circuit court, and this action cannot raise the inquiry whether those decisions are correct or not. That the bottomry debt was issued to the defendant, and that he has realized the amount of his loss from the policy, abetting the sum in court or entirely, leaving this fund to be disposed of according to the legal rights of parties. It is clear upon the statement of facts that the freight fund was the primary one for satisfaction of the bottomry debt; and that leaves only, as an open question, the consideration whether, if the insurers satisfied the policy in full, this sum belongs to them, or to the plaintiffs, under rights posterior, in law and equity, to the bottomry claim. We conceive it undeniably established in the law of insurance that the insurers are entitled to be placed in the equity of the insured in respect to all means primarily applicable to his indemnity or security. They stand only to cover his actual losses, and, instead of compelling him in the first instance to exhaust his remedies from other sources, the law permits him to come directly upon the insurers for indemnity, and then invests them with all his legal and equitable means of compensation. The cases are collected and stated in 2 Phil. Ins. (2d Ed.), and both the American and English decisions assume it as a fundamental principle of the contract of insurance that the insurer has a right to be subrogated to all the powers and privileges of the insured in respect to the subject insured, on satisfaction of his loss. It was urged on argument that in marine insurances this privilege of substitution takes place only in case of abandonment or salvage. But the cases point out no such distinction, nor is the principle discerned that should sanction its adoption. Interests accruing upon abandonment or salvage are those of most frequent occurrence as means of reimbursing insurers in cases of maritime loss, but they are only incidents elucidating the character and operation of the contract, and are not the rule or principle giving it vitality. Thus the ship or goods are abandoned to the insurer, on his acquiring right to salvage proceeds, not as the consideration enforcing his contract to indemnify, but as the consequence of having in the indemnity paid their value to the insured, and thus became, if not by common-law purchase, by equitable novation, empowered to stand as owner in respect to them.